[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff appeals a decision of the defendant CT Page 10598 Department of Motor Vehicles which suspended the plaintiff's Used Car Dealer's License for fourteen days and imposed other penalties, all pursuant to General Statutes 14-64. This appeal is brought pursuant to 14-183 (Rev'd 1990). The court finds for the plaintiff.
Since the decision of the defendant suspended the plaintiff's license to do business, a significant personal and legal interest, and imposed other penalties, including a fine and order of monetary restitution to a complaining witness, the court finds that the plaintiff is aggrieved within the meaning of General Statutes 4-183(a) See State Medical Society v. Board of Examiners in Podiatry,203 Conn. 295 (1987).
The case revolves around repairs and services performed by the plaintiff on a vehicle owned by Shaban K. Kaji (the complainant) during July and September 1989 and the complaint that he subsequently made to the defendant department. On July 10, 1990, the department notified the plaintiff that a hearing would be held on the complaint. That hearing was held on August 9, 1990. The plaintiff, who was not represented by counsel at the time, attended and participated pro se. On November 8, 1990, the department rendered its decision in which it concluded that the plaintiff had committed three distinct violations of General Statutes 14-65j(a), 14-65f(b), and14-65g. Based upon those conclusions, the department ordered the plaintiff's suspension and fines.
On appeal, the plaintiff makes the following claims of error:
 1. The defendant's hearing officer erroneously interpreted sections 14-65f(b), 14-65f (e), and 14-65g in finding that the plaintiff had violated those statutes in performing work on the complainant's automobile in September 1989.
 2. To the extent that the penalty was based on the erroneous conclusions of the hearing officer cited in 1., above, it is excessive.
 3. The order of restitution to the complainant was improper because the complainant's loss was covered by insurance.
 4. The suspension and penalty assessed in connection with the violation of section 14-65j(a) was excessive.
5. Item No. 32 in the record should have been deleted. CT Page 10599
 6. The defendant department's decision was based on other documents not in evidence.
 7. The defendant department's actions violated the plaintiff's right to due process of law in that the scope of the hearing and the decision exceeded the charges set forth in the department's notice to the plaintiff.
The court has carefully examined the record, including the transcript of the proceedings at the hearing and concludes that the plaintiff's claims numbered 1 through 6, above, are not meritorious. With respect to the plaintiff's claim concerning notice, however, the court finds the issues in favor of the plaintiff.
On September 27, 1989, the complainant filed with the department, pursuant to General Statutes 14-63, a written complaint concerning the plaintiff's service and repair work on his automobile. State's Exhibit J; Record pp. 13a-13c. In this complaint, he stated that he initially brought his car to the plaintiff's service station for repairs on July 29, 1989. He subsequently paid the plaintiff approximately $1400 for this work, which was mostly covered by insurance. The complaint goes on to relate that he took the car back to the plaintiff in September 1989 because of further problems. At that time a dispute arose between the complainant and the plaintiff, which culminated in the complainant paying the plaintiff $313.50 "under protest" and removing the car to another repair station.
Upon receipt of the complaint, the department launched an investigation, which was completed in January or February 1990. State's Exhibit N; Record pp. 17a-17b.
Following the investigation, the defendant department summoned the plaintiff to a hearing by notice dated July 10, 1990. Plaintiff's Brief October 28, 1991; Exhibit A.
The notice includes the following statement:
SECTIONS OF STATUTES AND REGULATIONS INVOLVED:
Section 14-65j(a) False statement
Section 14-65f(b) Estimates
Section 14-65g Waiver of advanced estimates CT Page 10600
FACTS OR CONDUCT WARRANTING SUSPENSION OR REVOCATION OF LICENSE:
It is alleged that Shuster's [sic] Garage, Inc. "hereinafter licensee" violated CGS Section 14-65j(a) on or about July 29, 1989, in that the licensee made a false or misleading statement as to repairs made to the injector pump on a 1983 Oldsmobile Cutlass, Vin #1G3AM69N3DM323838 owned by or in the legal custody of Shaban K. Kaji, Salem Manor, #4 Rt. 354, Salem, CT 06415.
It is further alleged that the licensee violated CGS Section 14-65f(b) on or about July 29, 1989 in that the licensee failed to give the above listed individual an estimate for the total cost of repair, parts and labor, as required by this statute.
It is further alleged that the licensee violated CGS Section 14-65g on or about July 29, 1989, in that the licensee failed to properly record all the required information on repair order number 8583 relative to the waiver of advanced estimate as required by this statute.
There is no other statement in the notice concerning any complaint or charges against the plaintiff. In particular, there is no statement of charges concerning the plaintiff's dealings with the complainant in September 1989.
During the administrative hearing, considerable evidence was introduced concerning the dealings between the plaintiff and the complainant in both July and September 1989. This evidence included the complainant's initial written complaint, which the attorney for the department introduced during her direct examination of the complainant. The plaintiff, appearing pro se, objected to most of this evidence, including the written complaint, on various grounds but he did not specifically object on the ground that he had not received notice that the hearing would encompass events occurring in September 1989. Rather, when his objections were overruled or he was persuaded to withdraw them, he attempted to oppose the evidence by cross-examination and his own testimony. The first time that he raised the issue of inadequate notice was at oral argument to the court on appeal. Both parties subsequently briefed the issue.
General Statutes 4-177(b)(4) requires that an individual summoned to a hearing on a contested case, such as this one, must be given advance notice which includes "a short and plain statement of the matters asserted." An adequate notice is essential to constitutional due process of law. Hart Twin Volvo Corporation v. Commissioner of Motor Vehicles, CT Page 10601165 Conn. 42, 45 (1973). In that case, the court reversed a decision of the commissioner suspending the plaintiff's license on the basis that the violation which the commissioner found following the hearing was different from that which was alleged in the notice of the hearing. The court held
 The right to a hearing includes the right to notice of the matters to be heard. "The right to a hearing embraces not only the right to present evidence but also a reasonable opportunity to know the claims of the opposing party and to meet them . . . . Those who are brought into contest with the Government in a quasi-judicial proceeding aimed at the control of their activities are entitled to be fairly advised of what the government proposes and to be heard upon its proposals before it issues its final command." Id.,
citing Morgan v. United States, 304 U.S. 1.
The court continued, "[t]here is a failure of due process whenever . . . notice . . . has been so defective that a party has not been reasonably apprised of nor had the opportunity to contest the charges found against him." Id. 46.
In Murphy v. Berlin Board of Education, 167 Conn. 368
(1974), the court reversed and remanded a decision of the board of education disciplining the plaintiff teacher on the basis that the facts which the board found after the hearing as the grounds for the disciplinary action were different from those which had been alleged in the notice of the hearing. The court held that "the function of sufficient notice is `to notify the adverse party of the claims that are to be adjudicated so that he may prepare his case, and to set a standard of relevance which shall govern the proceedings at the hearing.'" Id. 374, citations omitted. The court continued that an agency order may be reversed for deficiency of notice where the person does not learn of all the charges against him prior to the hearing, even though he later presents evidence in cross-examining witnesses on the issue with respect to which the notice is deficient." Id. 375.
In the present case, the notice to the plaintiff advised it that the charges concerned certain transactions between the plaintiff and the complainant in July 1989. However, in its decision after the hearing, the defendant department found that the plaintiff had violated General Statutes 14-65f and 14-65g
in the course of different transactions which took place in September 1989. The reference in the decision is to State's Exhibit E, which is a repair order for September 5, 1989. CT Page 10602 As indicated above, the plaintiff had received no prior notice that the September 1989 events would be considered at the hearing.
The defendant department argues (1) that the notice was adequate because the statutory references sufficiently apprised the plaintiff of the general subject matter of the complaint, and (2) that the plaintiff failed to object at the hearing to the introduction of evidence relating to the September transactions. These contentions cannot be sustained. With respect to the first, the department chose to include in its notice detailed factual allegations as the basis of its charges that the plaintiff had violated certain statutes. It cannot now claim that the reference to those statutes in the context of those facts is fair notice that totally different factual allegations would be pursued at the hearing as the basis of additional violations of statutes. There is merit to the defendant's argument that the plaintiff failed timely to object to the expanded scope of the hearing. However, the decision in Murphy v. Berlin Board of Education, supra, makes clear that such an error is not necessarily fatal to a party's right to raise the due process issue on appeal. In this case, the defendant can hardly complain that it has been mousetrapped by the plaintiff's raising the issue for the first time on appeal after losing at the agency level. If anyone was procedurally mousetrapped, it was the plaintiff, who arrived at the hearing only to find that the rules had been changed without notifying him. In this regard, the court notes that the defendant department had made a thorough investigation of the complainant's entire complaint, including the September transactions, before it sent out its notice of hearing which was limited to the July transactions. The defendant was thus in a position from the outset to make a calculated decision as to the scope of the hearing and to define that scope in the notice.
For all of the above reasons, the court finds that the defendant department's decision with respect to the September 1989 transactions prejudiced substantial rights of the plaintiff because it violated constitutional and statutory provisions. The specific provisions of the decision hereby found defective are paragraphs 2 and 3 of the "Conclusions of Law" and paragraphs 2 and 3 of the order. The defendant's decision is reversed with respect to those provisions.
The defendant's decision also found that the plaintiff had committed certain violations as a result of the July transactions that were alleged in the notice. As indicated above, the court finds no error with respect to that part of the decision. However, it is impossible to ascertain how the CT Page 10603 penalties imposed by the defendant would have been different in the absence of the findings of violations stemming from the September transactions. Accordingly, the case must be remanded so that the defendant can make appropriate modifications in the penalties to reflect the deletion of the September 1989 violations.
In summary, the defendant's decision is reversed and the case is remanded with instructions to the department to modify the penalties by limiting them to violations of the applicable statutes that occurred during transactions between the plaintiff and complainant on or about July 29, 1989.
MALONEY, J.